ARCHIBALD MICHAEL ET AL. v. GEO. TUTTLE.

*Notes always admissible under the Money Counts—Comp. L.,* § 5777.

*Prima facie* outlawry of a note does not prevent its introduction in evidence when the declaration is on the common money counts and a copy of the note has been served with it. Comp. L., § 5777.

Error to Lapeer. Submitted Oct. 10. Decided Oct. 30.

ASSUMPSIT. The facts are in the opinion.

*William Hemingway* and *G. C. Wattles* for plaintiffs in error.    When the petition shows that the cause of action is barred, there is none alleged, *Sturges v. Burton,* 8 Ohio St., 215; *Sims v. Radcliffe,* 3 Rich., 287; *Martin v. Broach,* 6 Ga., 21; *Kampshall v. Goodman,* 6 McLean, 189; *Lawson v. Badgett,* 20 Ark., 195; *Phares v. Walters,* 6 Ia., 106; *Shorick v. Bruce,* 21 Ia., 305; *Lawrence v. Sinnamon,* 24 Ia., 80; *Miller v. Dawson,* 26 Ia., 186; *Moulton v. Walsh,* 30 Ia., 361; *Coles v. Kelsey,* 2 Tex., 541; *McConnel v. Kibbe,* 29 Ill., 483; *Howell v. Howell,* 15 Wis., 55; *Bowman v. Harper,* 17 N. H., 571; *Conkey v. Barbour,* 22 Ind., 196; *Barrett v. Barrett,* 8 Greenl., 353; *Hudson v. Wheeler,* 34 Tex., 356; *Livingston v. Ostrander,* 9 Wend., 306; if the case is within any exceptions to the statute, the bill must state the fact, *Humbert v. Trinity Church,* 7 Paige, 195; *Van Hook v. Whitlock,* Id., 373.

*Harrison Geer* for defendant in error.    A defense against the statute of limitations can be introduced where the declaration is on the common counts with a copy of the instrument in suit attached. *Erskine v. Messicar,* 27 Mich., 84.

COOLEY, C. J.    The only question which the exceptions in this case raise, relates to the sufficiency of the declaration.    That contained only the common counts, but appended to it were certain promissory notes, with a notice that they would be given in evidence under the money count.    These notes all bore date in 1857, and they all fell due in or before 1862.    Action upon them was consequently barred before the suit was brought—that being in 1874—unless the case was within some exception of the statute of limitations, or unless there had been some new promise.

The plaintiffs in error insist that the declaration was insufficient to justify receiving the notes in evidence, because on its face it showed no cause of action upon them.    They also urge that evidence of a new promise was inadmissible, because no new promise was counted upon.    If the declaration were really upon the notes, the views presented on behalf of these positions would require consideration.    But

such is not the case.    The declaration is on the common counts only; and the statute makes the notes receivable in evidence under them.    Comp. L., § 5777.    The statute is given, that it may be seen how comprehensive it is.    "The plaintiff in any such action, and in all other actions on bills of exchange and promissory notes, may declare upon the money counts alone, and any such bill or note may be given in evidence under money counts, in all cases where a copy of the bill or note shall have been served with the declaration."    Now were we to hold that certain bills and notes upon which the party might have a perfectly valid cause of action, could not be given in evidence under the common counts, the inconsistency between the statute and our ruling would be manifest.    Any rules of the common law practice which would · be inconsistent with the statute are of course abrogated, and as the statute allows this general form of declaration in *all* actions upon bills of exchange and promissory notes, we must hold that when that form is adopted, any contract of this class, a copy of which is given with the declaration, is admissible in evidence under it.    Indeed, if the position of plaintiffs in error is correct, they might successfully have demurred to the declaration; but we hardly think counsel would have advised them to demur to the common money counts.

The judgment must be affirmed, with costs.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON J., did not sit in this case.